# United States Court of Appeals
## For the First Circuit

No. 07-2298

SIDIKIBA MAGASOUBA,

Petitioner,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Sidikiba Magasouba on brief pro se.
Manuel A. Palau, Trial Attorney, Jeffrey S. Bucholz, Acting
Assistant Attorney General, and Terri J. Scadron, Assistant
Director, on brief for respondent.

September 30, 2008

**Per Curiam**.  Petitioner Sidikiba Magasouba, a native and citizen of Guinea, seeks review of a decision of the Board of Immigration Appeals ("BIA"), which declared him removable as an aggravated felon and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT").  In cases involving aggravated felons, this court has jurisdiction to review only "colorable" claims of constitutional or legal error, i.e., claims that have "some potential validity."  Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(D)).  Two of petitioner's claims arguably satisfy this standard, but each in the end proves unavailing.  We therefore deny the petition for review.

First.  Whether petitioner's state-court conviction actually constitutes an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), is a question of law over which this court has jurisdiction.  See, e.g., Aguiar v. Gonzales, 438 F.3d 86, 88 (1st Cir. 2006), cert. denied, 127 S. Ct. 1251 (2007).  In conducting this inquiry, we employ a "modified categorical approach," which focuses on the elements of the state conviction.  Conteh v. Gonzales, 461 F.3d 45, 55 (1st Cir. 2006), cert. denied, 127 S. Ct. 3003 (2007).  When the statute of conviction necessarily involves all the elements of a § 1101(a)(43) offense, "proof of the fact of conviction suffices to discharge the government's burden."  Id. at 56.  But when

-2-

the state provision is broader in scope, "the government ... must demonstrate, by reference only to facts that can be mined from the record of conviction, that the putative predicate offense constitutes a crime designated as an aggravated felony." Id.

In 2006, after being caught selling pirated copies of DVDs and CDs, petitioner was convicted in a Rhode Island state court of two offenses. Of relevance here is his conviction under a provision entitled "[f]orgery, counterfeiting, or alteration of trademark, service mark, or identification mark," which provides as follows:

> Any person who knowingly and willfully sells, offer[s] to sell, or possesses with the intent to sell goods which contain a counterfeit trademark, service mark, or identification mark ... shall be guilty of the offense of trafficking in trademark counterfeits.

R.I.G.L. § 11-17-13(c)(1). The BIA concluded that this offense constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(R), which refers to

> an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year.

8 U.S.C. § 1101(a)(43)(R).

We agree that subsection (a)(43)(R) subsumes all the elements of the Rhode Island offense. The state provision

involves a relatively narrow category of conduct; indeed, it is but one of fourteen provisions outlawing different forms of counterfeiting or forgery. Subsection (a)(43)(R), by contrast, is much more encompassing, as is made particularly evident by its use of the term "relating to." By employing that phrase, "Congress evidenced an intent to define [the listed offenses] in [their] broadest sense." Park v. Attorney General, 472 F.3d 66, 72 (3d Cir. 2006) (brackets in original) (quoting Drakes v. Zimski, 240 F.3d 246, 249 (3d Cir. 2001)); see Kamagate v. Ashcroft, 385 F.3d 144, 154 (2d Cir. 2004) (use of that phrase "suggest[s] Congress's intent to reach more broadly than any single statute"); Albillo-Figueroa v. INS, 221 F.3d 1070, 1073 (9th Cir. 2000) (by using that phrase, subsection (R) "necessarily covers a range of activities beyond those of counterfeiting or forgery itself"). Accordingly, the fact of conviction alone establishes petitioner's status as an aggravated felon.

In disputing this conclusion, petitioner contends that his conviction is instead, or is also, encompassed by 8 U.S.C. § 1101(a)(43)(M). That provision, in relevant part, refers to an offense that "involves fraud or deceit in which the loss to the ... victims exceeds $10,000," a loss amount that allegedly was not involved here. Petitioner appears to advance several arguments in this regard. First, he asserts

-4-

that, since subsection (M) is applicable, subsection (R) must be inapplicable. Yet he does not explain why this should be so, nor does he otherwise contest subsection (R)'s applicability.

Second, he suggests that even if both subsections apply, the government was obligated to proceed under subsection (M). In rejecting an analogous argument involving these same two provisions, the Third Circuit held that the government had the discretion to proceed "under either or both subsections." Bobb v. Attorney General, 458 F.3d 213, 217 (3d Cir. 2006). Such discretion would be limited only if one provision was a subset of the other, which it found not to be the case. See id. at 224.

Third, by describing the offense here as a "hybrid" crime and by earlier referring to Nugent v. Ashcroft, 367 F.3d 162 (3d Cir. 2004), petitioner possibly is attempting to argue that both subsections needed to be satisfied. But Nugent has been "restricted to classificational schemes in which one classification is entirely a subset of another." Bobb, 458 F.3d at 226. As previously mentioned, that is not the case here.

Second. Petitioner's next claim involves a due process challenge to the manner in which the charges against

him were amended.  This claim only barely, if at all, rises to the level of "colorable."

The notice to appear alleged that petitioner was removable for having been convicted of (1) an aggravated felony in the form of a "theft offense" under 8 U.S.C. § 1101(a)(43)(G), and (2) two crimes of moral turpitude. Thereafter, in response to petitioner's motion to terminate proceedings, the government acknowledged that neither rationale was viable.  As a result, it issued a Form I-261, entitled "Additional Charges of Inadmissibility/Deportability," which set forth an amended charge based solely on subsection (R).

Petitioner did not object to the filing of this new charge, and he received an extension of time to respond thereto.  Nonetheless, he now argues that the government could not repair the defective notice to appear simply by filing a new charge on Form I-261; rather, it was required to dismiss the original notice to appear and issue a new one.  Had that sequence been followed, he contends, the government would have been barred by res judicata from seeking removal based on the same conviction.  The BIA perceived no error, even while describing the presentation of charges here as "slightly awkward."

We agree that this claim falls short. By regulation, the government is entitled to lodge "additional or substituted

charges" of removability "[a]t any time during the proceeding." 8 C.F.R. § 1240.10(e); accord 8 C.F.R. § 1003.30. We have stated that "there is no requirement that the [government] advance every conceivable basis for deportability in the original show cause order." De Faria v. INS, 13 F.3d 422, 424 (1st Cir. 1993) (per curiam) (allowing reopening by government to file substitute charges after conviction underlying original charge was vacated by state court); accord Park, 472 F.3d at 73 (declining to apply "judicial estoppel" to prevent lodging of additional charge on remand after validity of original charge was called into question).

In the case at hand, the BIA determined that the filing of an amended charge on Form I-261 was the "functional equivalent" of filing the same charge on the notice to appear. It also held that petitioner had been given adequate notice of the new charge and ample time to respond thereto (findings that petitioner has not disputed). And, finally, the application of res judicata in this context would require "a final judgment, rendered on the merits in a separate action." Valencia-Alvarez v. Gonzales, 469 F.3d 1319, 1323-24 (9th Cir. 2006) (emphasis deleted).

Third. Petitioner's remaining claims involve fact-based challenges to the withholding and CAT rulings. These principally consist of challenges to the immigration judge's

credibility assessments, evidentiary rulings, and other factual determinations. Because of petitioner's status as an aggravated felon, we lack jurisdiction to review such assignments of error. See, e.g., Conteh, 461 F.3d at 63 ("[J]udicial review of the factual findings underlying a removal order based on an aggravated felony conviction remains foreclosed.... This proscription extends to review of the BIA's factual findings as to credibility, evidentiary weight, and satisfaction of a correctly framed burden of proof.") (citing 8 U.S.C. § 1252(a)(2)(C)).

The petition for review is dismissed in part for lack of jurisdiction. What remains is denied.