**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOSE RODRIGUEZ-VALENCIA,
                                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                                    *Respondent.*

No. 09-72060

Agency No.
A028-976-760

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
May 6, 2011—Pasadena, California

Filed July 21, 2011

Before: John T. Noonan and Richard A. Paez,
Circuit Judges, and Edward R. Korman,
Senior District Judge.*

Per Curiam Opinion

---

*The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

---

**COUNSEL**

Lori B. Schoenberg, Law Offices of John R. Perry, P.C., Encino, California, for the petitioner.

Blair T. O'Connor, United States Department of Justice, Washington, D.C., counsel for the respondent.

---

**OPINION**

PER CURIAM:

Jose Rodriguez-Valencia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's order finding him removable and denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Rodriguez-Valencia challenges the BIA's finding that his six convictions for "willfully manufacturing, intentionally selling, and knowingly possessing for sale more than 1,000 articles bearing a counterfeit trademark," in violation of California Penal Code § 350(a)(2), constitute an aggravated felony as an "offense relating to . . . counterfeiting." INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R). Rodriguez-Valencia maintains that the generic offense of counterfeiting refers only to the imitation of currency and that his conviction under California Penal Code § 350 did not require proof of his intent to defraud. We review de novo whether an offense is

an aggravated felony. *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1025 (9th Cir. 2005).

To determine whether a conviction qualifies as an aggravated felony, we apply the categorical approach articulated in *Taylor v. United States*, 495 U.S. 575 (1990). *Penuliar v. Mukasey*, 528 F.3d 603, 608 (9th Cir. 2008). Under this approach, we "look to the statute under which the person was convicted and compare its elements to the relevant definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)." *Penuliar*, 528 F.3d at 608. An offense is an aggravated felony "if and only if the full range of conduct covered by the [criminal statute] falls within the meaning of that term." *Id.*

I.

**[1]** We turn first to the argument that the generic offense of counterfeiting refers only to the unlawful imitation of currency and other government obligations. INA section 101(a)(43)(R) defines an aggravated felony as "an offense relating to . . . counterfeiting . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(R). While the common law may have limited the crime of counterfeiting to "debasing or imparing the coin," *Fox v. State of Ohio*, 46 U.S. 410, 428 (1847), by the time Congress enacted INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R),[1] federal counterfeiting offenses had grown to encompass, *inter alia*, the unauthorized imitation of: state securities, 18 U.S.C. § 513; foreign securities, 18 U.S.C. § 478; court seals, 18 U.S.C. § 505; federal department and agency seals, 18 U.S.C. § 506; customs papers, 18 U.S.C. § 496; ship's papers, 18 U.S.C. § 507; letters patent, 18 U.S.C. § 497; passports, 18 U.S.C. § 1543; postage stamps, 18 U.S.C. § 502; and Post Office keys, 18 U.S.C. § 1704. Indeed, over a decade before

---

[1]Congress enacted INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R), as part of the Antiterrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104-132, § 440, 110 Stat. 1214, 1278 (1996).

Congress enacted INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R), it criminalized trafficking in counterfeit goods and services. *See* Trademark Counterfeiting Act of 1984, Pub. L. No. 98-473, § 1502, 98 Stat. 1837, 2178 (1984) (codified at 18 U.S.C. § 2320); *see also United States v. Petrosian*, 126 F.3d 1232, 1234 (9th Cir. 1997) (finding that the Trademark Counterfeiting Act of 1984 was intended "[t]o help stem . . . an 'epidemic' of commercial counterfeiting . . . [and to] provide[ ] for stiff criminal penalties for those who intentionally traffic in goods or services knowing them to be counterfeit.") (ellipses in original) (internal quotations and citations omitted). Accordingly, when Congress added convictions relating to counterfeiting to the definition of aggravated felony, it was well understood and clearly established that the generic crime of counterfeiting extended far beyond the imitation of currency.

**[2]** A plain reading of INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R), further bolsters a broad construction of an "offense relating to . . . counterfeiting." When interpreting the INA, we "construe[ ] the 'relating to' language broadly." *Luu-Le v. I.N.S.*, 224 F.3d 911, 915 (9th Cir. 2000). In *Albillo-Figueroa v. I.N.S.*, 221 F.3d 1070, 1073 (9th Cir. 2000), we held that the "relating to" language of INA "[s]ection 101(a)(43)(R) necessarily covers a range of activities beyond those of counterfeiting or forgery itself." Other circuits have similarly found that "Congress evidenced an intent to define [counterfeiting] in [its] broadest possible sense" by employing the phrase "relating to." *See Magasouba v. Mukasey*, 543 F.3d 13, 15 (1st Cir. 2008) (quoting *Park v. I.N.S.*, 472 F.3d 66, 72 (3rd Cir. 2006); *Kamagate v. Ashcroft*, 385 F.3d 144, 154 (2d Cir. 2004) ("The term ['relating to' in INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R),] . . . suggest[s] Congress's intent to reach more broadly than any single statute."); *see also Morales v. Trans World Airlines*, 504 U.S. 374, 383-84, (1992) (finding that the phrase "relating to" has "a broad scope . . . and an expansive sweep.") Indeed, both the First and the Third Circuits have held that convictions for counter-

feiting trademarks categorically relate to counterfeiting under section 101(a)(43)(R) of the INA, 8 U.S.C. § 1101(a)(43)(R). *See Magasouba*, 543 F.3d at 15 (finding a Rhode Island statute that punishes "[a]ny person who knowingly and willfully sells, offer[s] to sell, or possesses with the intent to sell goods which contain a counterfeit trademark," R.I.G.L. § 11-14-03(c)(1), qualifies as an offense relating to counterfeiting); *see also Park*, 472 F.3d at 71 (finding a conviction for trafficking in counterfeit goods or services, in violation of 18 U.S.C. § 2320, relates to counterfeiting). We similarly hold that the definition of aggravated felony extends to convictions for the unauthorized imitation of trademarks.

## II.

**[3]** We quickly dispose of Rodriguez-Valencia's remaining argument that California Penal Code § 350 does not incorporate "an intent to defraud" as an essential element of the offense. Pet'r Br. at 7. While there may be some counterfeiting crimes that do not require an intent to defraud, *see e.g.*, *United States v. Reich*, 479 F.3d 179, 188-89 (2d Cir. 2007) ("Congress deliberately chose to require an intent to defraud for some forgery and counterfeiting crimes, but not for others.") (Sotomayor, J.), assuming *arguendo* that the generic offense of counterfeiting requires such an intent, California Penal Code § 350 "is an inherently fraudulent crime." *Tall v. Mukasey*, 517 F.3d 1115, 1117 (9th Cir. 2008). Indeed, "[a]ll of the conduct punished by [California Penal Code] § 350, 'willfully manufactur[ing], intentionally sell[ing], or knowingly possess[ing] for sale any counterfeit . . . mark,' 'involve[s] knowingly false representations made in order to gain something of value.' " *Id*. at 1119-20 (citation omitted) (third, fourth, fifth, and sixth alterations in original). Because "[t]he commission of the crime necessarily defrauds the owner of the mark, or an innocent purchaser of the counterfeit items, or both," *id*. at 1120, we "have difficultly distinguishing such intent from a general intent to defraud," *Winestock v. I.N.S.*, 576 F.2d 234, 235 (9th Cir. 1978).

The petition for review is **DENIED**.