**NOT FOR PUBLICATION**[*]

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CHUNG WEI HAM, | No. 09-72449 |
| Petitioner, | Agency No. A043-125-309 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General | MEMORANDUM |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2011
Pasadena, California

Before: NOONAN and PAEZ, Circuit Judges, and KORMAN, Senior District Judge.[**]

Chung Wei Ham, a native and citizen of Taiwan, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an

immigration judge's order denying him a waiver of inadmissibility based on his

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

aggravated felony conviction. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo "[w]hether an offense is an aggravated felony under 8 U.S.C. § 1101(a) . . . ." *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1025 (9th Cir. 2005).

Ham challenges the BIA's finding that his conviction for knowingly possessing for sale articles bearing a counterfeit mark, in violation of Cal. Penal Code § 350(d)(3), constitutes an aggravated felony. 8 U.S.C. § 1101(a)(43)(R); *see* 8 U.S.C. § 1182(h). Ham claims that the definition of the term "spurious mark" in Cal. Penal Code § 350 regulates activities outside the core counterfeiting offense. While the felony complaint alleges that Ham committed his crimes before the "spurious mark" definition became effective, Ham maintains that the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), precludes us from "conclud[ing] that [he] committed the offense . . . prior to the . . . legislative amendment[] . . . and [that we therefore] cannot assume that [the] state court applied . . . [the unamended] statutory scheme." Pet'r Reply Br. at 5-6. We disagree.

The categorical approach "is driven . . . by a policy to 'avoid ad-hoc mini-trials," *United States v. Piccolo*, 441 F.3d 1084, 1087 (9th Cir. 2006), on whether a defendant's *conduct* "'was less or more culpable than what his actual conviction required.'" *Garcia v. Holder*, 638 F.3d 511, 517 (6th Cir. 2011) (quoting *Martinez v. Mukasey*, 551 F.3d 113, 121 (2d Cir. 2008)). Here, we do not look beyond the

2

judgment of conviction to determine whether Ham's conduct independently constitutes an aggravated felony. Instead, we merely reference the charging documents and minute entries to determine which *version* of Cal. Penal Code § 350 governed Ham's conviction. Because this examination does not focus on Ham's conduct, the categorical approach does not preclude our inquiry.

As charged in the felony complaint, the activities underlying Ham's conviction occurred between January 1, 1996 and April 20, 1998. A minute entry preceding his sentencing also indicates that the offense took place "on or about" January 1, 1996. At the earliest, the statutory definition of the term "spurious mark" became effective on September 13, 1998. 1998 Cal. ALS 454. Consequently, the definition of "spurious mark" could not have governed Ham's conviction, because the actions underlying his offense occurred before the effective date of the statutory amendment. *See* Cal. Penal Code § 3 ("No part of [the California Penal Code] is retroactive, unless expressly . . . declared."); *see also Strauss v. Horton*, 207 P.3d 48, 119 (Cal. 2009) ("'It is a widely recognized legal principal [in California] . . . that in the absence of a clear legislative intent to the contrary statutory enactments apply prospectively.'" (quoting *Evangelatos v. Superior Court*, 753 P.2d 585, 587 (Cal. 1988))); *In re E.J.*, 223 P.3d 31, 39 (Cal. 2010) ("[S]ection 3 [of the California Penal Code] reflects the common understanding that legislative provisions are presumed to operate

3

prospectively, and they should be so interpreted unless express language or clear and unavoidable implication negatives the presumption.") (internal quotations omitted). Ham's argument that "new rules in criminal cases apply 'to . . . proceeding[s] which, at the time of the supervening legislation, ha[ve] not yet reach[ed] final disposition . . . ,'" Pet'r Reply Br. at 6 (quoting *People v. Nasalga*, 12 Cal. 4th 784, 785 n.5 (Cal. 1996) (internal quotations and citation omitted), is unavailing. The principle only applies to statutory amendments when they "mitigate[] punishment." *Nasalga*, 12 Cal. 4th at 797. Consequently, the definition of the term "spurious mark" did not apply to Ham's conviction.

We quickly dispose of Ham's remaining argument that Cal. Penal Code § 350 does not incorporate an intent to defraud as an essential element of the offense for the reasons articulated in *Rodriguez-Valencia v. Holder*, No. 09-72060, --- F.3d ----, 2011 WL 2899605, at *2 (9th Cir. July 21, 2011).

The petition for review is **DENIED**.

4