# United States Court of Appeals
## For the First Circuit

No. 09-2495

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS DÁVILA-FÉLIX,
a/k/a CARLOS MOÑA,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Lipez, Ripple,[*] and Howard,
Circuit Judges.

---

Ignacio Fernández de Lahongrais, was on brief for appellant.
Ilianys Rivera Miranda, United States Attorney, with whom Rosa
Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa,
Assistant United States Attorney, Chief, Appellate Division, and
Luke Cass, Assistant United States Attorney, were on brief for
appellee.

---

December 13, 2011

---

[*]  Of the Seventh Circuit, sitting by designation.

**RIPPLE**, **Circuit Judge**.    In this direct appeal,[1] Carlos Dávila-Félix seeks reversal of the sentence imposed by the United States District Court for the District of Puerto Rico.[2]

In March 2009, a jury found Mr. Dávila-Félix guilty of using force and intimidation to rob a bank insured by the Federal Deposit Insurance Corporation ("FDIC"), in violation of 18 U.S.C. § 2113(a), (d), and knowingly brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  At the sentencing hearing, the district court concluded that Mr. Dávila-Félix qualified for a mandatory life sentence under 18 U.S.C. § 3559(c)(1).  In addition, the court determined that he qualified as a career offender under U.S.S.G. § 4B1.1.  The court ultimately sentenced Mr. Dávila-Félix to life imprisonment for the bank robbery offense and 84 months' imprisonment for the weapons offense, to be served consecutively. The court also imposed a five-year term of supervised release for each conviction, to be served concurrently.

We hold that the record does not support the imposition of a life sentence under the federal "three strikes" provision, 18 U.S.C. § 3559(c)(1).  Nor does the record support the imposition of a sentence under the career offender provision of the United

---

[1]  Our jurisdiction is predicated on 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2]  The jurisdiction of the district court was predicated on 18 U.S.C. § 3231.

States Sentencing Guidelines.  See U.S.S.G. § 4B1.1.  Accordingly, we reverse the judgment of the district court to the extent that it imposed such a sentence and remand the case to permit the imposition of a new sentence.

**I**

**BACKGROUND**

During a six-month period in 2003, Mr. Dávila-Félix participated in a series of armed bank robberies in and around San Juan, Puerto Rico.  These robberies took place on May 9, July 9, July 24, September 8, October 17 and November 3.  In March 2004, he was arrested by commonwealth authorities and charged, under commonwealth law, for five of the six armed robberies and related weapons offenses.  Notably, he was not charged with the robbery or weapons offense that took place on September 8, 2003. Mr. Dávila-Félix cooperated with the authorities and ultimately pleaded guilty to the charged offenses.  On April 5, 2004, he was sentenced by the Commonwealth to six years' imprisonment on each of the robbery convictions and to five years for the weapons-related offenses, all to be served concurrently.

On April 30, 2008, four years after he was convicted and sentenced for the initial robbery charges, and ten months after he was released from prison, Mr. Dávila-Félix was indicted on federal bank robbery and weapons charges in connection with the September 8, 2003 robbery of First Bank of Puerto Rico--the only robbery that

the Commonwealth had not included as part of the original March 2004 charges.

Prior to trial, the Government filed an information in accordance with 21 U.S.C. § 851(a)(1),[3] notifying the district court and Mr. Dávila-Félix of its intention to seek a mandatory life sentence under 18 U.S.C. § 3559(c)(1) based upon his prior convictions, which included felony drug offenses as well as violent crimes. In particular, the information included Mr. Dávila-Félix's prior convictions for the following offenses:  (1) May 26, 1993 convictions for second-degree murder, robbery and two weapons violations; (2) June 25, 1993 conviction for two violations of Article 401 of the Controlled Substances Act of Puerto Rico; (3)

---

[3]  The statute provides, in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).

Mr. Dávila-Félix provides a cursory argument regarding the fact that the Government's information misstated that the September 8, 2003 offense for which he was indicted was committed after the other convictions listed in the information.  We do not need to address this issue because we conclude that the district court improperly sentenced Mr. Dávila-Félix under 18 U.S.C. § 3559(c)(1); however, we note that Mr. Dávila-Félix failed to allege any confusion or prejudice derived from this error.

-4-

July 20, 2000 conviction for a violation of Article 404 of the Controlled Substances Act of Puerto Rico, reduced to "attempted Article 404"; and (4) April 5, 2004 convictions for bank robbery and weapons violations, all under Puerto Rico law.[4]

In March 2009, the jury found Mr. Dávila-Félix guilty of robbing a bank insured by the FDIC, by use of force and intimidation, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm during the commission of the robbery, a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

The district court sentenced Mr. Dávila-Félix to a life sentence. Although the record is less than clear, it appears that the court based this determination on the federal three strikes provision, 18 U.S.C. § 3559(c)(1). The court also noted that a life sentence was appropriate under the Sentencing Guidelines. In reaching its determination under the three strikes provision, the court did not consider Mr. Dávila-Félix's June 25, 1993 and July 20, 2000 convictions for drug-related offenses; instead, it relied explicitly upon his May 26, 1993 and April 5, 2004 violent felony convictions as the two predicate offenses.

---

[4] The Government and the district court recognize each of these sets of convictions as one prior conviction for purposes of the career offender guideline. Section 4A1.2(a)(2) of the Sentencing Guidelines provides that prior sentences are to be treated as one sentence for purposes of criminal history if "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."

In calculating the advisory range under the Sentencing Guidelines, the court began with a base offense level of 20. After applying an additional three-level increase based upon the circumstances surrounding the offense, the court arrived at a total offense level of 23 and a Criminal History Category of V, which yielded a guidelines imprisonment range of 84–105 months. The district court then classified Mr. Dávila-Félix as a career offender pursuant to U.S.S.G. § 4B1.1(a) on the ground that he had "two prior convictions of crimes of violence." Sent. Tr., 41. The career offender enhancement resulted in a total offense level of 37 and a Criminal History Category of VI, which corresponded to a guidelines range of 360 months to life. This enhancement, therefore, increased Mr. Dávila-Félix's maximum within-guidelines sentence from 105 months to life imprisonment.

The district court ultimately sentenced Mr. Dávila-Félix to life imprisonment for bank robbery and 84 months' imprisonment for the weapons offense, to be served consecutively. In addition, the court ordered that Mr. Dávila-Félix be placed in supervised release for a term of five years for each conviction, to be served concurrently, should he ever be released.

**II**

**DISCUSSION**

Mr. Dávila-Félix submits that the district court, in relying upon his April 2004 convictions, erred by determining that

he qualified for a life sentence under 18 U.S.C. § 3559(c)(1).  He further contends that the court erred by treating the April 2004 convictions as a predicate offense under the career offender provision.  We discuss each of Mr. Dávila-Félix's challenges to his sentence in turn.[5]

## A.

We first examine whether the district court correctly determined that Mr. Dávila-Félix was subject to mandatory life imprisonment under the federal "three strikes" provision.  See 18 U.S.C. § 3559(c)(1).  We review this question de novo.  See United States v. DeLuca, 137 F.3d 24, 39 (1st Cir. 1998).

## 1.

Mr. Dávila-Félix submits that the plain language of § 3559(c)(1) requires that the instant offense, or third strike, be committed after the defendant's conviction for the second strike,

---

[5] Mr. Dávila-Félix makes a supplemental argument in a Rule 28(j) letter that the "except" clause of 18 U.S.C. § 924(c)(1)(A) exempts him from a mandatory consecutive sentence for violating § 924(c) because he also received a greater mandatory minimum sentence on a different count of conviction--a mandatory term of life imprisonment based upon his robbery conviction.  This argument was not made in the defendant's opening brief and, therefore, is waived.  See United States v. Coplin, 463 F.3d 96, 102 n.6 (1st Cir. 2006); United States v. Nason, 9 F.3d 155, 163 (1st Cir. 1993).  In any event, Mr. Dávila-Félix's additional argument has been foreclosed by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18, 23 (2010), in which the Court held "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."

in this case the April 2004 convictions.  He asserts that, because the September 8, 2003 robbery took place before the April 5, 2004 convictions, the district court improperly treated the April 2004 convictions as a second strike under the statute.

The Government maintains that the district court properly treated Mr. Dávila-Félix's April 2004 convictions as a second strike under the statute because § 3559(c)(1) only requires that the first and second strikes be sequential.

In resolving this question of statutory interpretation, we begin with the plain language of the statute.[6]  Here, the statute reads, in relevant part:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if–
>
>> (A)  the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
>>
>>> (i)  2 or more serious violent felonies; or
>>>
>>> (ii)  one or more serious violent felonies and one or more serious drug offenses; and

---

[6]  See United States v. Godin, 534 F.3d 51, 56 (1st Cir. 2008); see also Staples v. United States, 511 U.S. 600, 605 (1994) (recognizing that the language of a criminal statute is the starting point of the court's interpretation).

-8-

> (B) <u>each</u> serious violent felony or serious drug offense used as <u>a</u> <u>basis</u> for sentencing under this subsection, other than the first, was <u>committed</u> <u>after</u> the defendant's conviction of the <u>preceding</u> serious violent felony or serious drug offense.

18 U.S.C. § 3559(c)(1) (emphasis added).

It is undisputed that, according to the plain language of § 3559(c)(1)(B), the second "violent felony or serious drug offense used as a basis for sentencing" must have been committed after the first conviction. The Government nevertheless asserts that this requirement <u>only</u> extends to the <u>second</u> offense. In its view of the sequencing requirement in subsection (c)(1)(B), the phrase "other than the first" should be understood to mean that the second offense must be committed after the first conviction, but the instant offense, for which the defendant would face a mandatory term of life imprisonment, could have been committed at any time.

We cannot agree with this interpretation; it is simply contrary to the plain language of the statute. The instant offense, which is alleged to constitute the third strike under the statute and serves as the trigger for the mandatory life sentence under § 3559(c)(1), is a "serious violent felony or serious drug offense" which the sentencing court "used as a basis for sentencing." In other words, it is precisely this third strike that triggers the mandatory sentencing provisions. The instant

-9-

offense, therefore, must be committed after the defendant's conviction for the preceding offense.

Although the plain language of the statute suffices, we note in passing that the legislative history also supports Mr. Dávila-Félix's contention that Congress intended a sequential approach to the three strikes law. The House Report explains that subsection (c) "mandates that each serious violent felony or serious drug offense used as a basis for sentencing under [subsection (c)], other than the crime for which the conviction became the defendant's first 'strike', be committed after the defendant's conviction for the preceding 'strike.'" H.R. Rep. No. 103-463, at 9 (1994), 1994 WL 107574. The Report explicitly refers to each strike and suggests that a "defendant's conviction of the preceding serious violent felony or serious drug offense" in the latter portion of subsection (c)(1)(B) specifically refers to each strike--to include the third strike, or instant offense. Id. at 5.

Notably, a review of other sentencing enhancements similar to the three strikes provision also supports Mr. Dávila-Félix's interpretation of the language of the statute. See United States v. Luna-Diaz, 222 F.3d 1, 4-5 (1st Cir. 2000) (examining related statutes and determining that they supported the court's conclusion with respect to the language of the statute). In addition to the sequential approach taken in the career offender provision of the Sentencing Guidelines, which contains language

very similar to the federal three strikes law, see discussion infra pp. 15-17, we recently acknowledged that a sequential approach is required under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See United States v. Pratt, 568 F.3d 11, 15 (1st Cir. 2009) (explaining that, in order to establish a violation of 18 U.S.C. § 922(g)(1), the government must prove, among other things, that "the defendant had been convicted of a felony prior to his possession of the firearm"). Additionally, in 21 U.S.C. § 841(b)(1)(A), which provides for a sentencing enhancement for repeat drug offenders, Congress explicitly adopted a sequential approach: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." The district court therefore erred in treating Mr. Dávila-Félix's April 2004 convictions as predicate offenses under § 3559(c)(1).

**2.**

On the record before us, Mr. Dávila-Félix's June 1993 and July 2000 drug convictions identified in the information cannot serve as a "serious drug offense" for the purposes of § 3559(c)(1) such that they would qualify as a second strike under the statute.[7]

---

[7] On appeal, the Government confines its argument with respect to § 3559(c) to one of statutory interpretation. We therefore note that the Government does not address whether Mr. Dávila-Félix's prior drug convictions constitute predicate offenses under the federal three strikes provision. Nevertheless, in the interest of

In order to qualify as "serious drug offenses," Mr. Dávila-Félix's convictions must have been for conduct that involved a drug quantity sufficient to be punishable under sections 841(b)(1)(A), 848, or 960(b)(1)(A) of Title 21.  See 18 U.S.C. § 3559(c)(2)(H).

In July 2000, Mr. Dávila-Félix was convicted for a violation of Article 404 of the Controlled Substances Act of Puerto Rico, which provides, in relevant part, that it is "unlawful for any person, knowingly or intentionally, to possess any controlled substance, unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as authorized by this chapter."  P.R. Laws Ann. tit. 24, § 2404(a).  Because, unlike the predicate offenses in § 3559(c), the statute of conviction prohibits only simple possession and makes no mention of drug quantity, this conviction does not fall within the definition of a "serious drug offense" under § 3359(c).  See 18 U.S.C. § 3559(c)(2)(H).

In June 1993, Mr. Dávila-Félix was convicted for two violations of Article 401 of the Controlled Substances Act of Puerto Rico, which provides, in pertinent part:

> (a) Except as authorized by this chapter, it shall be unlawful for any person knowingly or intentionally:

completeness, we examine whether the drug convictions listed in the Government's information may substitute as predicate offenses under the statute.

-12-

> (1) To manufacture, distribute, dispense, transport or conceal, or possess with the intent to manufacture, distribute, dispense, transport or conceal a controlled substance.
>
> (2) To produce, distribute, or dispense, transport or conceal, or possess with the intent to distribute or dispense, transport or conceal an adulterated substance.

P.R. Laws Ann. tit. 24, § 2401.

Even if we were to assume that the commonwealth court records were sufficient to establish that Mr. Dávila-Félix was convicted of distribution or possession with intent to distribute, as required by 21 U.S.C. § 841(b)(1)(A), rather than concealment, which is not a qualifying offense, see discussion infra pp. 20-21, they would not be sufficient to establish that Mr. Dávila-Félix's June 1993 convictions constitute a "serious drug offense" under § 3559(c)(2)(H). As the Government appeared to concede at sentencing, § 2401 of the Puerto Rican Code establishes fixed penalties based on drug type and the circumstances of the offense, rather than drug quantity, and there is, therefore, no indication that the offense would have been punishable under § 841(b)(1)(A). Accordingly, neither drug conviction qualifies as a "serious drug offense" for the purposes of § 3559(c)(1).

**B.**

In addition to determining that Mr. Dávila-Félix qualified for a mandatory life sentence under the three strikes provision, the district court also determined the sentence it would impose under the Sentencing Guidelines. In so doing, the court classified Mr. Dávila-Félix as a career offender based upon two prior convictions for crimes of violence. Before us, Mr. Dávila-Félix contends, and the Government concedes, that the sentencing court improperly applied the career offender guideline because the September 8, 2003 robbery took place before he was convicted and sentenced, on April 5, 2004, for what the court deemed to be his second "prior felony conviction" under § 4B1.1. "Whether a prior conviction qualifies as a predicate offense under U.S.S.G. § 4B1.1 is a question of law that we review de novo." United States v. Almenas, 553 F.3d 27, 31 (1st Cir. 2009).[8]

Under the Guidelines, a defendant is classified as a career offender if the following three criteria are met:

---

[8] The Government argues that, because Mr. Dávila-Félix did not object to his designation as a career offender in his sentencing memorandum or during the sentencing hearing itself, this issue has been waived. We construe the Government's subsequent motion to remand for resentencing, filed after both parties had submitted their briefs, as a concession that this issue is entitled to at least plain error review. We therefore conclude that the Government's action amounts to a waiver of its previously asserted waiver argument with respect to Mr. Dávila-Félix's designation as a career offender. See United States v. Walker, 538 F.3d 21, 23 (1st Cir. 2008); United States v. Sagendorf, 445 F.3d 515, 516 (1st Cir. 2006).

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a); see also Almenas, 553 F.3d at 31.  It is the third criterion that is at issue here.

The district court took the view that the third requirement was fulfilled if the defendant had been convicted of two qualifying offenses prior to sentencing in the instant offense. The parties now agree that the district court's reading of the third requirement is erroneous and that the reading adopted by the Second Circuit in United States v. Chartier, 933 F.2d 111, 113-15 (2d Cir. 1991), which requires that a defendant be convicted of two qualifying prior offenses prior to the commission of the instant offense, is consistent with the language of the Guidelines.

The parties are correct.  Again, the plain language of the Guidelines provides the basis for our decision.  Under the Guidelines, "The term 'two prior convictions' means . . . the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.2(c) (emphasis added).  The fact that the September 8, 2003 robbery, the "instant offense," took place before Mr. Dávila-Félix was convicted

-15-

on April 5, 2004 for the string of robberies does not fit within the definition of "two prior felony convictions" provided in § 4B1.2(c). Given the plain language of the career offender guideline, the district court improperly considered the April 2004 convictions to be a "prior felony conviction."

Further, despite the Government's argument to the contrary, Mr. Dávila-Félix's June 25, 1993 drug convictions do not constitute a "controlled substance offense," which also might qualify as a second predicate offense for purposes of the career offender provision. See U.S.S.G. § 4B1.2(b). On the record before us, the information presented regarding these drug convictions simply does not contain the requisite information that would permit a court to determine whether they indeed constitute "controlled substance offenses" as defined by U.S.S.G. § 4B1.2(b).

The Government bears the burden of establishing that a prior conviction qualifies as a predicate offense for sentencing enhancement purposes. See United States v. Bryant, 571 F.3d 147, 153 (1st Cir. 2009). Here, with respect to Mr. Dávila-Félix's June 1993 drug convictions, the Government provided certified copies of the judgments, which imposed concurrent sentences of ten years for two violations of Article 401 of the Controlled Substances Act of Puerto Rico. See United States v. McKenzie, 539 F.3d 15, 18–19 (1st Cir. 2008) (noting that "[t]he Government may satisfy its burden by producing a certified copy of the conviction

-16-

or an equivalent proffer"). However, the fact that the Government "sufficiently proved" the existence of the June 1993 drug convictions "does not . . . end our inquiry." United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007). We also must consider whether the underlying offense qualifies as a "controlled substance offense" within the meaning of the guideline. See id. at 7; U.S.S.G. § 4B1.2(b).

In determining whether a prior conviction qualifies as a predicate offense under the career offender guideline, we apply the "categorical approach" adopted by the Supreme Court in Taylor v. United States, 495 U.S. 575, 600-02 (1990). See Bryant, 571 F.3d at 157 n.7 (acknowledging the application of the categorical approach in the context of determining whether a state drug conviction constituted a "controlled substance offense" under the career offender guideline); Almenas, 553 F.3d at 33 (recognizing the applicability of the categorical approach to the career offender guideline).[9] In short, "we look to the statutory

---

[9] See also United States v. Giggey, 551 F.3d 27, 38 (1st Cir. 2008) (en banc) (holding that, although Taylor v. United States, 495 U.S. 575 (1990), concerned the Armed Career Criminal Act, the categorical approach may also be applied in interpreting the career offender guideline); United States v. Pelletier, 469 F.3d 194, 202 (1st Cir. 2006) (explaining that Taylor and its progeny "address the appropriate sources for ascertaining the elements of a putative predicate offense when the statute of conviction encompasses both conduct that would constitute a predicate offense and conduct that would not"); United States v. Piper, 35 F.3d 611, 619 (1st Cir. 1994) (recognizing that "[t]he rationale on which the Taylor Court relied in choosing a formal categorical approach is equally applicable to controlled substances offenses" under the career

definition of the offense in question, as opposed to the particular facts underlying the conviction." United States v. Piper, 35 F.3d 611, 619 (1st Cir. 1994); see also United States v. DeLuca, 17 F.3d 6, 8 (1st Cir. 1994). If the state statute of conviction encompasses only conduct that constitutes a predicate offense, "there is no problem, because the conviction necessarily implies that the defendant has been found guilty of" a predicate offense. Taylor, 495 U.S. at 599. However, "in a narrow range of cases," id. at 602, where the statute under which the defendant was convicted encompasses both predicate and non-predicate conduct, we must look to the "facts that can be mined from the record of conviction" in order to determine whether the defendant necessarily was convicted of a crime that constitutes a predicate offense under the Guidelines. See Magasouba v. Mukasey, 543 F.3d 13, 14 (1st Cir. 2008) (employing a "modified categorical approach" in determining whether a state conviction constituted a removable aggravated felony); United States v. Turbides-Leonardo, 468 F.3d 34, 38–40 (1st Cir. 2006) (applying a modified categorical approach in determining whether a state drug conviction constituted a "drug trafficking offense" for the purposes of a sentencing enhancement under U.S.S.G. § 2L1.2); see also United States v. Savage, 542 F.3d 959, 964–66 (2d Cir. 2008) (applying a modified categorical

offender guideline).

-18-

approach in reviewing a district court's decision to apply a sentencing enhancement under U.S.S.G. § 2K2.1(a)(2)).

In order to qualify as a "controlled substance offense" for purposes of the career offender guideline, the drug offense must be one that is "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). As this court previously has noted, the Puerto Rico statute under which Mr. Dávila-Félix was convicted, in addition to criminalizing the more obvious drug trafficking offenses, such as distribution, dispersal and possession with intent to distribute of controlled substances, also criminalizes actions that are not commonly considered drug trafficking offenses, such as concealment of a controlled substance. See P.R. Laws Ann. tit. 24, § 2401; Turbides-Leonardo, 468 F.3d at 37 n.2.[10] Therefore, Mr. Dávila-Félix's conviction under the Puerto Rico statute cannot categorically qualify as a "controlled substance offense" within the meaning of § 4B1.2(b) because it criminalizes conduct that falls outside the guidelines definition.

---

[10] The text of this statute is provided, in relevant part, on page 13 of this opinion.

-19-

Although the Government alleges that Mr. Dávila-Félix was convicted for possession of cocaine and marijuana with intent to distribute, the Government has not established that Mr. Dávila-Félix necessarily was convicted of a predicate offense rather than a non-predicate offense such as "intent to conceal."

Both the Government and the district court described the offense in question as "possession with intent to distribute cocaine and marijuana," see Sent. Tr., 7; Appellee's Br. at 26—27, but the details of the prior conviction are not made readily apparent by the record of the convicting court. See Shepard v. United States, 544 U.S. 13, 16 (2005) (noting that, when a defendant has pleaded guilty, the sentencing court may look to the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); United States v. Dancy, 640 F.3d 455, 466 (1st Cir. 2011) (explaining that, "if the state statute encompasses multiple offenses, one or more of which are not ACCA predicates, 'a court may look to a restricted set of documents (e.g., indictment, plea colloquy, jury instructions) to ascertain which of the multiple offenses served as the offense of conviction'" (quoting United States v. Holloway, 630 F.3d 252, 256—57 (1st Cir. 2011))). In asserting that the defendant's June 1993 drug convictions constitute a predicate offense under the career offender guideline, the Government relies primarily upon the

facts as recounted in the presentence investigation report. This court has stated that "a presentence report in a subsequent case ordinarily may not be used to prove the details of the offense conduct that underlies a prior conviction." Turbides-Leonardo, 468 F.3d at 39. We therefore conclude that, on the record before us, the Government has not met its burden of proving that Mr. Dávila-Félix's prior drug conviction qualified as a career offender predicate.

We acknowledge that Mr. Dávila-Félix should have--but did not--object to the analysis in the presentence report during the sentencing proceeding in the district court. There are two reasons, however, why, under the circumstances presented here, we ought not consider that failure a waiver in our present disposition of this appeal. First, we already have concluded that the Government has waived its argument with respect to its general career offender waiver argument by conceding during the pendency of this appeal that the issue is deserving of plain error review. Consequently, we must also conclude that the Government has waived its more specific argument with respect to Mr. Dávila-Félix's failure to contest his drug convictions. Second, although the sentencing transcript demonstrates a significant lack of focus, it is apparent that the district court did not rely on the drug convictions at sentencing. Here, unlike the situation in Turbides-Leonardo, the drug convictions were only briefly

referenced and were not discussed or relied upon at sentencing. Cf. id. at 36-39. Certainly, there was no "ready acquiescence" in the presentence report's characterization as we readily found in Turbides-Leonardo. Id. at 38. We can hardly say, as we did in Turbides-Leonardo, that the district court "embraced" the presentence report's characterization of the drug convictions. Id. at 37. Consequently, we do not think that, on this record, it is appropriate, or fair, to hold Mr. Dávila-Félix accountable for remaining silent on the issue. The standards for plain error review clearly are met. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. DeCicco, 439 F.3d 36, 44-45 (1st Cir. 2006).

## Conclusion

The district court's interpretation of the three strikes provision of 18 U.S.C. § 3559(c)(1) and its interpretation of the career offender guideline contained in § 4B1.1 of the Sentencing Guidelines were erroneous. The record provides insufficient information to justify the imposition of the sentence on the basis of Mr. Dávila-Félix's prior drug offenses. Accordingly, the sentence imposed by the district court is reversed and the case is remanded for resentencing.

**REVERSED and REMANDED.**