# United States Court of Appeals
## For the First Circuit

No. 17-1393

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ G. MARTÍNEZ-BENÍTEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

Jóse Luis Novas-Debien for appellant.
Jonathan L. Gottfried, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, were on brief, for appellee.

January 24, 2019

**THOMPSON**, <u>**Circuit Judge**</u>.  At stake today is whether federal prosecutors proved José Martínez Benítez's prior Puerto Rico-law conviction (described below) is a "controlled substance offense" for federal-sentencing purposes.  Concluding they did not, we vacate his sentence and remand for resentencing consistent with this opinion.

### How Martínez's Case Got Here[1]

Martínez pled guilty in federal court to possessing a firearm despite his status as a felon.  <u>See</u> 18 U.S.C. § 922(g)(1).  His was a "straight plea," meaning he and the government did not enter into any plea agreement.  As for how things shook out at sentencing, this is what you need to know.[2]

---

[1] According to Spanish naming conventions, if a person has two surnames, the first (which is the father's last name) is primary and the second (which is the mother's maiden name) is subordinate.  Which is why we use "Martínez" for the rest of the opinion.

[2] First, though, a quick heads-up for the lay readers out there:  Sentencing under the federal sentencing guidelines starts with the base offense level — *i.e.*, a point score for a specified offense or group of offenses.  <u>See, e.g.</u>, <u>United States</u> v. <u>Serrano-Mercado</u>, 784 F.3d 838, 840 (1st Cir. 2015).  The guidelines then make adjustments for any aggravating or mitigating factors in the defendant's case, thus arriving at a total offense level.  <u>See</u> <u>id.</u> The guidelines also assign points based on the defendant's criminal history — points that get converted into various criminal history categories, designated by Roman numerals I through VI.  <u>Id.</u>  Armed with this info, the judge turns to the guidelines's sentencing table.  <u>Id.</u>  And by plotting the defendant's total offense level along the table's vertical axis and his criminal history category along the table's horizontal axis, the judge ends up with an advisory prison range.  <u>Id.</u>  From there, the judge sees if any

- 2 -

The sentencing guidelines apply an enhanced base offense level of 20 for firearm offenses preceded by one felony conviction for a "controlled substance offense," see U.S.S.G. § 2K2.1(a)(4)(A) — a phrase that pertinently covers a state-law crime, "punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute," id. § 4B1.2(b); see also id. § 2K2.1 cmt. n.1 (referring the reader to § 4B1.2(b) and its accompanying application note 1 for a definition of a "[c]ontrolled substance offense").[3] And the phrase covers as well "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Id. § 4B1.2 cmt. n.1. Also of prime importance to the present controversy, the government has "the burden of establishing" by a preponderance of the evidence "that a prior

departures are called for, considers various sentencing factors, and determines what sentence (whether within, above, or below the suggested range) seems appropriate. See, e.g., United States v. Dávila-González, 595 F.3d 42, 46 (1st Cir. 2010).

[3] No one argues that Puerto Rico is unlike a state for § 4B1.2(b) purposes. See generally United States v. Torres-Rosa, 209 F.3d 4, 8 (1st Cir. 2000) (concluding that "because the [defendant] had not shown" that the guidelines "'meant to exclude felony convictions in Puerto Rico Commonwealth Courts for enhancement purposes,' no plain error inhered" (quoting United States v. Morales-Diaz, 925 F.2d 535, 540 (1st Cir. 1991)); Morales-Diaz, 925 F.2d at 540 (rejecting the defendant's unpreserved suggestion that "because Puerto Rico is not a state," the Puerto Rico conviction in play there was not a state-law offense "under § 4B1.2" (internal quotation marks omitted)). So we say no more about that subject.

- 3 -

conviction qualifies as a predicate offense for sentencing enhancement purposes."  United States v. Dávila-Félix, 667 F.3d 47, 55 (1st Cir. 2011); United States v. Bryant, 571 F.3d 147, 153 (1st Cir. 2009).

From the documents presented by prosecutors at sentencing, the district judge learned that years before his run-in with the feds, Puerto Rico authorities had charged Martínez with knowingly or intentionally possessing heroin with intent to distribute, in violation of Puerto Rico's Controlled Substances Act ("CSA"), see P.R. Laws Ann. tit. 24, § 2401 — a law commonly called "Article 401."  As relevant here, Article 401 criminalizes the possession of certain controlled substances (including heroin) with intent to "manufacture, distribute, dispense, transport or conceal," see id. § 2401(a)(1), and calls for a "fixed" prison "term" of 20 years, which may be increased to a 30-year "maximum" term or decreased to a 10-year "minimum" term, if "aggravating" or "extenuating" circumstances exist, see id. § 2401(b)(1)(A).  We have dealt with Article 401 before, for instance in an opinion holding that "intent to conceal" is "a non-predicate offense" under § 4B1.2(b).  See Dávila-Félix, 667 F.3d at 56 (concluding that "concealment of a controlled substance" is "not commonly considered [a] drug trafficking offense[]").

- 4 -

Anyway, Martínez pled guilty to a "reclassified" charge of "attempt[ing] or conspir[ing] to commit" an "offense" under Puerto Rico's CSA, see P.R. Laws Ann. tit. 24, § 2406 — a provision colloquially called "Article 406," the penalty for which "shall not exceed" the penalty for the substantive "offense" that "was the object of the attempt or conspiracy."  By doing so, he avoided a fixed mandatory 20-year prison term and made himself eligible for a suspended sentence.  See P.R. Laws Ann. tit. 34, § 1027; see also P.R. Laws Ann. tit. 24, § 2414.[4]  And ultimately, the Puerto Rico court gave him a 3-year suspended sentence —— a sentence that has special significance as to the nature of the offense.

You should know too (because it affects the case's outcome, for reasons explained presently) that Puerto Rico's CSA

---

[4] The first statute authorizes the Puerto Rico "Court of First Instance" to

> suspend the effect of the sentence of imprisonment in all cases of felonies . . . other than . . . [o]ne of the following felonies under the [CSA]:  § 2401 (prohibited acts); § 2405 (distribution to persons under eighteen . . . years of age); § 2411 (employment of minors); § 2411a (introduction of drugs to schools and institutions), all of Title 24.

P.R. Laws Ann. tit. 34, § 1027(6).  The second statute says that "[t]he provisions on suspended sentence" are not "applicable to" persons "convicted of violating §§ 2401(a), 2405, 2411 and 2411a of this title when the distribution, sale, introduction, dispensing or possession and transportation for the purpose of distribution is involved, except in those cases in which the provisions of §§ 1042 and 1043 of Title 34 are applicable."  P.R. Laws Ann. tit. 24, § 2414.

bans not only possession-with-intent-to-distribute offenses covered by Article 401, but also (among other things) simple-possession offenses (*i.e.*, offenses involving possession of drugs not prescribed, with no intent to distribute), see P.R. Laws Ann. tit. 24, § 2404 — a law widely referred to as "Article 404," which outlaws the knowing or intentional possession of "any controlled substance, unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as authorized by this chapter." Article 404 calls for a "fixed" 3-year prison "term," which may be increased to a 5-year "maximum" term or decreased to a 2-year "minimum" term, if "aggravating" or "extenuating" circumstances exist. We are also no strangers to Article 404 — just consider United States v. Román-Huertas, 848 F.3d 72 (1st Cir. 2017), which holds that an Article 404 "mere possession offense[]" does not count as a qualifying predicate under § 4B1.2(b). Id. at 77; see also United States v. Ramos-González, 775 F.3d 483, 507 n.27 (1st Cir. 2015).

Kicking off the sentencing in the federal case, the district judge noted that while the charging document in the Puerto Rico case listed Martínez's crime as an Article 401 possession-with-intent-to-distribute offense, the judgment showed that he had pled to an Article 406 attempt-or-conspiracy offense. Then relying

- 6 -

on a footnote in <u>Puerto Rico</u> v. <u>Ramos Rivas</u>, 2007 TSPR 138, 171 D.P.R. 826, 2007 WL 2079844, at *1 n.1 (P.R. 2007) — which says that if an Article 401 charge is reclassified as an Article 406 offense, a court "must refer" back to Article 401 to determine the proper "penalty" — the judge ruled that Martínez's Article 406 conviction was for an "attempted conspiracy to distribute controlled substances."[5]  So the judge concluded that the Article 406 conviction amounted to a "controlled substance offense" under the guidelines and increased Martínez's base offense level accordingly — from 14 to 20, which helped set his recommended guidelines range at 30 to 37 months.  And when all was said and done, the judge sentenced him to 34 months in prison.

Unhappy with this outcome, Martínez now appeals.

**Jurisdiction and Standard of Review**

The district judge had original jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C.

---

[5] The <u>Ramos Rivas</u> footnote reads in relevant part:

[Article] 406 of the Puerto Rico Controlled Substances Act . . . punishes the attempt or conspiracy to commit any of the crimes defined in the act.  The [article] refers to base offenses, the attempt or conspiracy to commit which gave rise to the sentence imposed. Consequently, in this case we must refer to [Article] 401 . . . insofar as it concerns the penalty imposed.

§ 1291.  And we review the judge's legal analysis *de novo*, see Dávila-Félix, 667 F.3d at 54, noting additional details as needed.

## Summary of the Parties' Main Arguments

Attacking the district judge's work, Martínez contends that none of the government-provided documents showed his Article 406 conviction was for attempt/conspiracy to possess heroin with intent to distribute (with Article 401 being the object of the attempt/conspiracy), rather than, say, attempt/conspiracy to possess heroin without intent to distribute (with Article 404 being the object of the attempt/conspiracy) — the first is a § 4B1.2-qualifying predicate, he quickly reminds us; the second is not. As for the judge's reliance on Ramos Rivas, Martínez claims that this decision has zero relevance because (in his words) Ramos Rivas does not hold that "all Article 406 convictions . . . reclassified from Article 401 are drug trafficking offenses."

The government, contrastingly, argues that the district judge got everything exactly right.  Puerto Rico law, the government writes, directs courts to "tie" a defendant's Article 406 attempt/conspiracy conviction to a substantive "base offense" under Puerto Rico's CSA "to determine the fixed penalty" and then to pick "a penalty not to exceed that maximum."  To help with this task, the government continues, Ramos Rivas requires courts to "refer[] to the offense in the charging document[]" to discern the

- 8 -

substantive offense underlying an Article 406 conviction "that [was] reclassified from [another] charge[]."  Putting these points together, the government repeats that Martínez's plea resulted from an Article 401 possession-with-intent-to-distribute charge that got "reclassified to Article 406."  And given the charging document, the judge rightly ruled that Martínez's Article 406 guilty-plea conviction was "for attempting or conspiring to possess" heroin "with intent to distribute" — or so the government insists, noting too that Martínez's 3-year suspended sentence did not "exceed" the pertinent 20-year maximum penalty in Article 401. Ergo, the government concludes, the judge rightly found that Martínez's conviction was a § 4B1.2-qualifying predicate.

As a fallback, the government contends that even if we think Martínez pled guilty to attempting/conspiring to violate Article 401 by means other than possessing heroin with distributive intent — like, for example, by possessing heroin with intent to conceal — we should still affirm his sentence.  And that is because, in the government's view, even though our Dávila-Félix opinion says Article 401 "criminalizes actions . . . not commonly considered drug trafficking offenses, such as concealment of a controlled substance," see 667 F.3d at 56, a Puerto Rico Supreme Court case predating Dávila-Félix — Puerto Rico v. Rosario Cintrón, 2 P.R. Offic. Trans. 107, 102 D.P.R. 82 (1974) — holds otherwise.

- 9 -

Thus, according to the government, we as a panel must overrule Dávila-Félix. Martínez, for his part, claims that the government waived this argument by not raising it in the district court — a contention the government disputes.

## Our Take

To state the obvious, Martínez's federal sentence can stand only if his Article 406 attempt/conspiracy conviction constitutes a controlled substance offense under the guidelines — an issue (we say again) that the government had the burden of proving. See Dávila-Félix, 667 F.3d at 55. As the parties agree, Article 406 covers separate crimes with separate elements — some of which qualify as controlled substance offenses, like attempt/conspiracy to possess heroin with distributive intent; and others of which do not, like attempt/conspiracy to possess heroin without distributive intent. See Román-Huertas, 848 F.3d at 77. So, in legalese, Article 406 is a "divisible" statute. See Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). Which means we must apply what is called the "modified categorical approach," a procedure that lets judges look at a narrow set of documents from a defendant's conviction — like "the indictment, jury instructions, or plea agreement and colloquy" — to see what crime he committed. Id. (citing Shepard v. United States, 544 U.S. 13,

- 10 -

26 (2005), and <u>Taylor</u> v. <u>United States</u>, 495 U.S. 575, 602 (1990)); see also <u>Román-Huertas</u>, 848 F.3d at 77.

Back again then to the government-filed papers. The charging document in Martínez's Puerto Rico case accused him of possessing heroin with intent to distribute, in violation of Article 401. And the sentencing document shows he later pled guilty to an Article 406 attempt/conspiracy crime, reclassified from the Article 401 charge. Unfortunately for us, however, the documents do not say what he pled guilty to attempting/conspiring to do: possessing heroin with intent to distribute (an Article 401 substantive offense), perhaps — a qualifying predicate under § 4B1.2; or perhaps possessing heroin without intent to distribute (an Article 404 substantive offense) — a non-qualifying predicate under § 4B1.2. And that failure devastates the government's theory here, as we now explain.

The 3-year suspended sentence Martínez received is certainly consistent with his having pled to attempting/conspiring to possess heroin *without* distributive intent. But it is equally consistent with his having pled to attempting/conspiring to possess heroin *with* distributive intent. We say that because the 3-year suspended sentence does not exceed the pertinent maximum penalties under Article 404 and Article 401. Remember: Article 404 calls for a "fixed" 3-year prison "term" for simple possession

- 11 -

(which the court can raise to a 5-year "maximum" term or drop to a 2-year "minimum" term, if "aggravating" or "extenuating" factors exist). See P.R. Laws Ann. tit. 24, § 2404. And Article 401 calls for a "fixed" prison "term" of 20 years for (among other things) possession with intent to distribute (which the court can raise to a 30-year "maximum" term or drop to a 10-year "minimum" term, if "aggravating" or "extenuating" circumstances exist). See P.R. Laws Ann. tit. 24, § 2401.

Hoping to get to the bottom of things, we asked the government's lawyer at oral argument if a defendant charged with an Article 401 possession-with-intent-to-distribute offense could cop to an Article 404 simple-possession offense, which could then serve as the substantive offense underlying an Article 406 attempt/conspiracy guilty-plea conviction. Yes, the lawyer said.[6] Which makes sense given that "[d]efendants are frequently charged for crimes different from those they are ultimately convicted of." See United States v. Bravo-García, No. 16-1258, slip op. at 3 (1st Cir. July 10, 2017) (judgment). And based on this truism, we have

---

[6] Possession without distributive intent is a lesser-included offense of possession with distributive intent — a point the government does not dispute. See generally Ramos-González, 775 F.3d at 507 (mentioning how a "police complaint" accused a defendant of possessing cocaine with distributive intent, "a violation of Article 401," but the defendant later pled "guilty to a [simple] possession crime" under "Article 404").

- 12 -

said that a sentencing order "stating that [the defendant's] Article 406 offense was 'reclassified' from Article 401, on its own, . . . fails to justify a finding that [her] conviction is actually under Article 401" instead of some other article. See id., slip. op. at 2 n.3.

Seeking a way around these obstacles, the government's attorney basically fell back on an argument made in his brief: i.e., that because Martínez pled guilty to an Article 406 attempt/conspiracy crime, reclassified from an Article 401 possession-with-intent-to-distribute charge, then under Ramos Rivas the Article 401 offense is considered the "object" of the attempt or conspiracy — meaning, at least according to the government, Martínez pled guilty to attempting/conspiring to possess a controlled substance with intent to distribute, which makes his Article 406 conviction a qualifying predicate offense for a guidelines enhancement. But the government reads way too much into Ramos Rivas.

Charged with violating Article 401 by possessing cocaine with distributive intent, the Ramos Rivas defendant pled guilty to infracting Article 406. See 2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *1. Noting that she had two prior Article 404 convictions, the lower court imposed a 20-year sentence under a recidivist statute in Puerto Rico's Penal Code. Id. Displeased,

- 13 -

the defendant argued on appeal that because her earlier convictions were for violating Puerto Rico's CSA, the court should have instead sentenced her under the less-onerous recidivist provision in Article 401 of the CSA. See 2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *1-2.[7] The Commonwealth's position was essentially no harm, no foul because the sentence fell "within the parameters" of Article 401's recidivist provision. See 2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *7. Given the Ramos Rivas parties' laser-like focus on Article 401 in framing the issue, it makes perfect sense that the Puerto Rico Supreme Court would say (in the now-much discussed footnote) that "in *this* case" (meaning the Ramos Rivas case) one had to "refer to [Article] 401 . . . insofar as it concerns the penalty imposed." See 2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *1 n.1 (emphasis added).[8]

---

[7] According to Ramos Rivas, the CSA

is a special law that provides that a certain type of conduct (such as violating [Article] 401 of said act and having two or more previous felony convictions under this act) [triggers] the recidivism provision of this law. In turn, the Penal Code contains a "generic" recidivism provision under which it penalizes those who have committed a felony and have two or more previous felony convictions, regardless of the statute they violated.

2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *7 (quotation marks omitted and second bracket in original).

[8] For those wondering what happened to the Ramos Rivas defendant: The Puerto Rico Supreme Court concluded that the

- 14 -

Viewed against this backdrop, one thing is transparently clear:  Despite what the government suggests, Ramos Rivas did *not* establish a general rule that if a defendant pleads guilty to an Article 406 attempt/conspiracy violation following an Article 401 possession-with-intent-to-distribute charge, then it *always* means he stands convicted of attempt/conspiracy to possess drugs with distributive intent.  Instead, Ramos Rivas is a narrow decision holding that in the idiosyncratic circumstances of that case, one had to look to Article 401 given the parties' apparent agreement that Article 401 was the substantive offense underlying the Article 406 attempt/conspiracy conviction — and not some other article, like Article 404.  And that situation is worlds apart from Martínez's.  Which undercuts the government's Ramos Rivas-based theory.

Still trying to convince us that "Martínez's Article 406 conviction was for the attempt/conspiracy to commit an Article 401

---

specific recidivist provision in Article 401 controlled over the general recidivist provision in the Penal Code.  2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *7-8.  And noting that a "sentence imposed under" the Penal Code's recidivist provision "is more onerous than a sentence imposed under the" CSA's recidivist provision (because, for example, a sentence handed down under the Penal Code's recidivist provision "does not qualify" a defendant "to receive credits" for good conduct and the like), the high court rejected the Commonwealth's no-harm-no-foul argument and remanded for resentencing.  See 2007 TSPR at ___, 171 D.P.R. at ___, 2007 WL 2079844, at *7-9.

violation" — namely, possessing heroin with intent to distribute — the government talks up two decisions by the Puerto Rico Circuit Court of Appeals: Puerto Rico v. Ramírez Santiago, KLCE201701670, 2017 WL 6884475 (P.R. Cir. Nov. 29, 2017) (certified translation provided by the government), and Puerto Rico v. Collazo Ortiz, KLCE201700104, 2017 WL 1906428 (P.R. Cir. Mar. 30, 2017) (certified translation provided by the government). In both cases, the defendants stood accused of violating Article 401; the charges got reclassified to Article 406 offenses, to which they pled guilty; and the intermediate appellate court rejected their claims that their sentences — 9 years in Ramírez Santiago, and 8 years in Collazo Ortiz — were too stiff, noting how the time they received did not exceed the 20-year fixed penalty in Article 401. As in Ramos Rivas, none of the parties in Ramírez Santiago or Collazo Ortiz disputed that Article 401 was the substantive offense underlying the Article 406 attempt/conspiracy convictions. So Ramírez Santiago and Collazo Ortiz are of no help to the government.

And there is more that cuts against the government's position. Responding to other questions at oral argument, the government's lawyer also conceded that Martínez could have pled guilty during the plea colloquy in the Puerto Rico case to an Article 404 simple-possession offense, which could then serve as

the substantive crime behind the Article 406 attempt/conspiracy conviction — even if Article 404 was not mentioned in the judgment of conviction. Given how Article 404 is not a "controlled substance offense" for guidelines purposes, see Román-Huertas, 848 F.3d at 77, the government's concession is fatal to its defense of the judge's work.

Perhaps sensing the difficulties in his position, the government's attorney added that while the plea colloquy might "clarify" what Martínez pled to, it also might not — we do not know, because prosecutors did not provide the plea-colloquy transcript at his federal-sentencing hearing. But this goes to show only that the government has not met its burden of proving exactly what the substantive crime undergirding Martínez's Article 406 conviction was.

That leaves one matter the government presents on appeal — that we as a panel should use the Puerto Rico Supreme Court's opinion in Rosario Cintrón to overrule language in our Dávila-Félix opinion that Article 401 "criminalizes actions . . . not commonly considered drug trafficking offenses, such as concealment of a controlled substance." Assuming without deciding that the government preserved the claim, given how the government-filed papers leave up in the air what offense Martínez pled guilty to attempting/conspiring to commit — simple possession under Article

404 is a possibility, as the government's lawyer confirmed at oral argument — we have no need to resolve the government's fallback Article 401 argument today.

### Final Words

To hammer the key point of our opinion home: The 3-year suspended sentence Martínez got for his Puerto Rico drug conviction is at least equally consistent with his having pled to attempting/conspiring to commit simple drug possession (which, don't forget, is *not* a "controlled substance offense" under the guidelines). And prosecutors never introduced the Puerto Rico plea colloquy to show that simple possession was not (in Article 406 lingo) "the object of the attempt or conspiracy." So ours is a fact-specific holding, declaring that the government — in the particular circumstances presented here — failed to shoulder its burden of showing what Martínez pled to, which requires us to vacate his sentence and remand for resentencing. We add a caveat, however. The government had every incentive — and opportunity — to present sufficient proof to support its requested "controlled substance offense" enhancement. But it did not do so, as we have seen. Thus the government may not present new evidence of Martínez's prior conviction at resentencing. See, e.g., Román-Huertas, 848 F.3d at 78.

*VACATED AND REMANDED, WITH INSTRUCTIONS*.