**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4227**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

KENO ROMARIO BROWN,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:19-cr-00068-GJH-1)

─────────────

Submitted: April 29, 2022                         Decided: August 9, 2022

─────────────

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Alfred Guillaume III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant. Dana Jill Brusca, Elizabeth G. Wright, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keno Romario Brown appeals his convictions and 96-month sentence imposed after a jury found him guilty of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349; four counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 2; and three counts of mail fraud, in violation of 18 U.S.C. § 1341. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court erred by denying Brown's motion to suppress his statements and certain physical evidence and whether the district court abused its discretion by permitting a witness to testify that Brown had assaulted her. Brown was notified of his right to file a pro se supplemental brief, but he did not do so. The Government declined to file a response brief. After an examination of the record in accordance with *Anders* and, for the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

Counsel first questions whether the district court erred when it denied Brown's motions to suppress. "When reviewing a district court's ruling on a motion to suppress, this Court reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir. 2020) (cleaned up). "If, as here, the district court denied the motion to suppress, this Court construes the evidence in the light most favorable to the government." *Id.* at 370 (cleaned up).

Brown challenges the denial of his motion to suppress statements he made to federal officers. "The Fifth Amendment provides that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *United States v. Azua-Rinconada*, 914 F.3d

2

319, 325 (4th Cir. 2019) (quoting U.S. Const. amend. V). "And the Supreme Court has mandated the use of procedural measures to ensure that defendants, when subjected to custodial interrogations, are advised of their Fifth Amendment rights." *Id.* (citing *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966)). "[U]nless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda* and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." *Id.* "Coercive police activity is a necessary finding for . . . a *Miranda* waiver to be considered involuntary." *United States v. Giddins*, 858 F.3d 870, 881 (4th Cir. 2017). Courts consider "the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." *Id.* at 885 (internal quotation marks omitted).

Our review reveals that the district court did not err when it denied Brown's motion to suppress statements. The district court properly determined that Brown was not in custody during questioning by federal officers and that, even if he was, the federal officers properly informed Brown of his *Miranda* rights and Brown waived them. Further, Brown's statement was voluntary, as the totality of the circumstances indicated Brown was not threatened or physically intimidated, he was not particularly vulnerable, and officers told him that he could leave at any time.

Next, Brown asserts the district court erred by denying his motion to suppress physical evidence obtained pursuant to a search warrant; he alleges that the probable cause supporting the warrant was stale. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

3

searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV.

> The existence of probable cause . . . can't be determined by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit. Instead, like probable cause more generally, staleness is judged based on all the facts and circumstances of the case, including the nature of the unlawful activity and the nature of the property to be seized.

*United States v. Bosyk*, 933 F.3d 319, 330 (4th Cir. 2019) (cleaned up).

The district court did not err when it denied Brown's motion to suppress physical evidence obtained pursuant to a search warrant. The warrant affidavit contained sufficient evidence detailing Brown's participation in the conspiracy, and it reliably established that Brown lived with his mother and had directed victims of the fraud scheme to send payments to her home address. Based on her experience, the warrant affiant also indicated that individuals involved in fraud often retained evidence of the scheme at their homes. Further, as detailed in the warrant affidavit, a package containing a payment was sent by a victim to Brown's mother's home only four months before the warrant was authorized.

Finally, counsel questions whether the district court abused its discretion by allowing a witness to testify that Brown had physically assaulted her after she disobeyed him. The witness testified that Brown told her not to open any packages sent to her by victims of the fraud scheme and that, when she did, Brown hit her. Brown asserted the testimony was inadmissible under Fed. R. Evid. 404(b). We conclude that the district court did not abuse its discretion by allowing the witness to testify that Brown assaulted her. *See United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020) (stating standard of review) The

4

witness' testimony was evidence of Brown's conduct in furtherance of the conspiracy. Because the assault was part of, or intrinsic to, the crimes charged, Rule 404(b) did not apply. *See id.*

In accordance with *Anders*, we have reviewed the entire record, and our review revealed reversible error regarding the imposition at sentencing of the discretionary conditions of supervised release. Because the discretionary conditions of supervised release orally announced by the district court are inconsistent with those listed in the written judgment,[1] in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), we vacate the sentence in its entirety and remand for the district court to resentence the defendant, as explained in *United States v. Singletary*, 984 F.3d 341, 346 (4th Cir. 2021).[2]

We therefore affirm Brown's convictions, vacate his sentence, and remand for resentencing. We deny counsel's motions to withdraw at this juncture. Counsel shall inform Brown, in writing after entry of judgment, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew in this court the motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

---

[1] The district court omitted standard condition 12 from its recitation at sentencing.

[2] The district court did not have the benefit of *Rogers* and *Singletary* when it sentenced Brown.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*